IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 4, 2009

**ANDREW EWING v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**Nos. P-20588, P-23639      Paula Skahan, Judge**

**No. W2008-01605-CCA-R3-PC  -  Filed September 4, 2009**

The petitioner, Andrew Ewing, sought to reopen his petition for post-conviction relief. Following a hearing, the post-conviction court denied his motion to reopen, and he made an untimely appeal. After review, we conclude that the interests of justice do not require considering this untimely appeal and, therefore, it is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Jerri D. Mauldin, Memphis, Tennessee, for the appellant, Andrew Ewing.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; William L. Gibbons, District Attorney General; and Byron Winsett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

We first will trace the complicated path taken by this matter.

The petitioner was convicted of felony murder in 1995 and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal, and our supreme court denied his application for permission to appeal on June 28, 1999. State v. Andrew R. Ewing, No. 02C01-9604-CR-00119, 1997 WL 686256, at *1 (Tenn. Crim. App. Nov. 5, 1997), perm. to appeal denied (Tenn. June 28, 1999). On July 10, 2000, he filed a petition for post-conviction relief, which the post-conviction court dismissed because it was untimely. This dismissal was affirmed on appeal, and permission to appeal was denied on October 30, 2006. Andrew Ewing v. State, No. W2004-03007-CCA-R3-PC, 2006 WL 1440474, at *1 (Tenn. Crim. App. May 24, 2006), perm. to appeal denied (Tenn. Oct. 30, 2006).

On March 5, 2007, the petitioner filed a motion to reopen his petition for post-conviction relief, claiming there was new scientific evidence consisting of "[t]he issues and evidence in the [o]riginal [p]ost-[c]onviction [p]etition [that] has never been addressed." The post-conviction court conducted a hearing on January 24, 2008, consisting of counsel presenting arguments. The court's order denying the motion was filed on June 17, 2008, and the petitioner's notice of appeal was filed on July 11, 2008. That appeal is now before this court.

As we have set out, this court affirmed the post-conviction court's dismissal of the petitioner's original post-conviction petition, agreeing with the post-conviction court that it was untimely:

> In the present case, this Court affirmed the Petitioner's conviction on November 5, 1997, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal on June 28, 1999. Thus, the Petitioner had one year in which to pursue a post-conviction remedy. The present petition was not filed until July 10, 2000, outside the statute of limitations. The Petitioner has failed to show that any of his claims fall within one of the exceptions set forth in T.C.A. § 40-30-102.

Id. at *2.

## ANALYSIS

As we will explain, the petitioner has made an untimely appeal of his motion to reopen the dismissal of his untimely post-conviction petition.

A petitioner has no appeal as of right from a lower court's denial of his motion to reopen a post-conviction petition. See Tenn. R. App. P. 3(b); Timothy Roberson v. State, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007), perm. to appeal denied (Tenn. Apr. 14, 2008); Miko T. Burl v. State, No. W2005-01640-CCA-R3-PC, 2006 WL 3371395, at *1 (Tenn. Crim. App. Nov. 17, 2006). The statute governing motions to reopen post-conviction petitions provides that "[i]f the motion is denied, the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." Tenn. Code Ann. § 40-30-117(c) (2006); see also Tenn. Sup. Ct. R. 28, § 10(B); Graham v. State, 90 S.W.3d 687, 689 (Tenn. 2002) ("Accordingly, Tenn. Code. Ann. § 40-30-217(c) outlines four requirements for an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application.").

In the present matter, the petitioner's appeal was not filed within the ten days allowed for its filing. In view of the fact that the petitioner is trying to utilize a motion to reopen as a vehicle to argue the claims which were presented in his untimely petition for post-conviction relief, we conclude that the interests of justice do not require that we waive the untimely appeal of his motion to reopen.

## CONCLUSION

Accordingly, we dismiss the appeal because it is untimely.

_____
ALAN E. GLENN, JUDGE